COPLEY<br>v.<br>LAMBETH.

---

## WHITEHEAD, Receiver v. BRIGHAM et al.

A private person cannot be appointed to act in the place of the sheriff during the trial of a case in which the latter is a party, on the ground of the absence of the coroner from the parish. The stat. of 12 March, 1838, relating only to the service of process, does not authorize such an appointment ; and any judgment rendered on a trial conducted by a person acting in the place of the sheriff under such an appointment, must be reversed, if the illegality be objected.

APPEAL by *Brigham* from a judgment of the District Court of Ouachita, *Curry*, J. The judgment of the court was pronounced by

---

* The case of *Brigham* v. *Lambeth & Thompson*, turning entirely on questions of fact, is not reported.

WHITEHEAD    . EUSTIS, C. J.   Before the jury was impaneled in this case the court ap-
    *v.*      pointed *W. H. Coats* to act in the place of the sheriff, *Brigham*, during the trial,
BRIGHAM.     on the ground of the interest of that officer, who was one of the defendants,
and of the absence of the coroner from the parish.   The court below held it-
self authorized to make this appointment, by virtue of the act of 12th March,
1838.   Acts of 1838, p. 84.   That act relates to the *service of process* only, in
cases in which the sheriff may be disqualified to act by reason of interest or.
otherwise, and there is no coroner in office, or the coroner is interested in the
suit or process to be served.   It does not extend to the case under considera-
tion.

It is the duty of the sheriff to attend the trial of causes in person, or by law-
ful deputy.   When he is interested in a cause, his duties are to be discharged
by the coroner.   Code of Pract., art. 772.   The appointment of the person to
perform the duties of sheriff during the trial of this cause, was not lawful.   The
defendant, *Brigham*, was entitled to a trial by jury in the usual form of law.
He has been deprived of it, and we have no power to refuse him the privilege,
which he insists upon at our hands.   The question has been properly brought
before us by a bill of exceptions, taken to the appointment made by the court.
The verdict cannot stand, and must be set aside.   The judgment of the court
below is therefore annulled, and the case remanded to the District Court of the
twelfth district, for further proceedings, the appellee paying the costs of the
appeal.

*McGuire* and *Ray*, for the plaintiff.   *Purvis*, for the appellant.